BALL GLOVE FASTENING CO. *v.* BALL & SOCKET FASTENER CO.

(*Circuit Court, D. Massachusetts.* August 20, 1889.)

PATENTS FOR INVENTIONS—PRIOR STATE OF THE ART.
    The spring-flanged eyelet, combined with the dome-shaped cap having a button-like appearance, claimed in letters patent Nos. 290,067 and 306,021, issued for glove fasteners. is an improvement on former English and American patents, and the prior state of the art, as shown by them, does not limit the patentee to the exact form of device described in his patents.

In Equity. On bill for injunction and accounting.
*W. B. H. Dowse* and *John R. Bennett,* for complainant.
*T. W. Clarke* and *F. P. Fish,* for defendant.

COLT, J. When this case was heard on motion for injunction, (36 Fed. Rep. 309,) the questions which are now raised were ably argued by counsel and carefully considered by the court. I see no reason upon the additional evidence now before me to change the conclusions then reached. The present hearing only tends to make it clearer to my mind that, under the license which the defendant took of the Kraetzer patents, it has no right to take the position that the Mead fastener, which it makes, is outside of those patents, because an examination shows that the Mead fastener contains certain vital and important elements of the Kraetzer inventions. The defendant is right in saying that it is privileged to make the Mead fastener if it is no infringement of the patents covered by the license, but the difficulty is that the Mead fastener seems clearly to infringe certain claims of the Kraetzer patents. I have compared the two devices in the opinion on motion for an injunction, and I do not think it necessary to go over the same ground again. I have reviewed once more the prior state of the art as bearing on the question of limiting Kraetzer to the precise form of devices described in his patents. In the spring-flanged eyelet, combined with the dome-shaped cap having a button-like appearance, of Kraetzer, there is found a marked

improvement over the prior English patents of Schloss and Bayer, and the American patents shown in the present record, and I do not discover anything in those patents which should limit Kraetzer to the exact form of devices which he patented, and, while the changes made in defendant's fastener may be an improvement upon Kraetzer, that fastener is none the less an infringement of the Kraetzer patents. Decree for complainant.